IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Hosie Williams,** | Case No. 1:22cv330 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Adult Parole Authority, et al.,** | MEMORANDUM OPINION AND ORDER |
| **Defendants.** | |

*Pro se* plaintiff Hosie Williams filed this *in forma pauperis* action under 42 U.S.C. § 1983 against the following defendants: Adult Parole Authority, Bureau of Sentence Computation, Mike DeWine, Public Defender Center of Canton, Public Defender Center of Columbus, State of Ohio, Erin K. Huston, Ohio Department of Rehabilitation and Correction, and Judge Forchione (Doc. No. 1). Plaintiff seeks monetary damages.

For the following reasons, this action is dismissed.

## I. Background

Plaintiff's complaint contains very few factual allegations. It appears, however, that Plaintiff is challenging his sentence imposed by the state court. Plaintiff states that he served more than the two and a half years he was required to serve. He states that he is now on parole or post release control because of an illegally imposed sentence. Plaintiff claims that he lost his house and employment and suffered a "broken face" because of the illegal sentence. (*See* Doc. No. 1 at 6).

Plaintiff has indicated that this case may be a refiling of a previously filed civil rights action. (*See* Doc. No. 1-1). Upon review, the Court finds that Plaintiff filed a prior civil rights action against the same defendants under § 1983 based on the same allegations contained in this

complaint. In the prior case, the Court found the allegations insufficient to support a plausible constitutional claim and dismissed Williams's prior action under 28 U.S.C. § 1915(e). *See Williams v. Ohio*, No. 1:21 CV 1018 (Sep. 7, 2021).

Plaintiff also filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on April 26, 2021. This Court dismissed the petition for failure to prosecute. *See Williams v. Black*, No. 5:21 CV 853 (Aug. 23, 2021).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed

factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998). The courts, however, are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

Plaintiff's present action is duplicative of his prior action and is barred by res judicata, which bars a party from re-litigating claims and issues already considered and decided in a prior lawsuit involving the same parties or their privies. *See Taylor v. Reynolds*, 22 F. App'x 537, 538-39 (6th Cir. 2001) (a "duplicative complaint lacks an arguable basis either in law or in fact and, therefore, . . . [is] properly dismissed on the basis of res judicata").

Even if Plaintiff's action is not barred, his claims in this action are dismissed for the same reasons as the prior action. To the extent Plaintiff seeks release from the post isedrelease control portion of his sentence, he cannot proceed with a civil rights action. When the Plaintiff is essentially challenging the validity of his sentence, his sole remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

Additionally, Plaintiff cannot collaterally attack his sentence in a civil rights action by seeking monetary damages instead of release. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus. 28 U.S.C. § 2254; *Heck*, 512 U.S. at 486. An individual, therefore, may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck*, 512 U.S. at 486-87.

Here, Plaintiff is directly challenging the validity of his post release control. And there is no suggestion in his complaint that his sentence has been overturned on direct appeal or this Court has granted him a writ of habeas corpus. He therefore cannot proceed with his claim for damages.

### IV. Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and the plaintiff's motion for the clerk to make copies (Doc. No. 3) is denied.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

    s/*Pamela A. Barker*
    PAMELA A. BARKER
Date: May 12, 2022    U. S. DISTRICT JUDGE